**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**NORMAN HOEWISCHER,**

       **Plaintiff,**

vs.                                                                          Case No. 3:10-cv-653-J-32JRK

**JACKSONVILLE AVENUES LIMITED
PARTNERSHIP,**

       **Defendant.**
_____/

**NATIONAL ALLIANCE FOR
ACCESSIBILITY, INC., a Florida
not for profit corporation, and
DENISE PAYNE, Individually,**

       **Plaintiffs,**

vs.                                                                          CASE NO.; 3:10-cv-682-J-32TEM

**JACKSONVILLE AVENUES LP, a
Florida limited partnership,**

       **Defendant.**
_____/

**DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT**

      Defendant, JACKSONVILLE AVENUES LIMITED PARTNERSHIP ("Jacksonville"), answers and asserts the following defenses to the Complaint of Plaintiffs, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC. and DENISE PAYNE and says:

    1.    Jacksonville is without knowledge as to the allegations contained in paragraph 1.

    2.    Jacksonville admits the allegations contained in paragraph 2.

    3.    Jacksonville admits the allegations contained in paragraph 3.

4. Jacksonville admits this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 12181 *et seq.* and that these statutes speak for themselves. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 4.

5. Jacksonville denies the allegations contained in paragraph 5.

6. Jacksonville denies the allegations contained in paragraph 6.

7. Jacksonville admits that it is the owner of the facility referenced in the Complaint, that such facility is a place of public accommodation and that 28 C.F.R. §§ 36.201(a) and 36.104 speak for themselves. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 7.

8. Jacksonville denies the allegations contained in paragraph 8.

9. Jacksonville admits that 42 U.S.C. § 12182 *et seq.* speaks for itself. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 9.

10. Jacksonville denies the allegations contained in paragraph 10, including all subparts.

11. Jacksonville denies the allegations contained in paragraph 11.

12. Jacksonville admits that 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* speak for themselves. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 12.

13. Jacksonville admits that 42 U.S.C. § 12205 and 28 C.F.R. § 36.505 speak for themselves. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 13.

14. Jacksonville admits that 28 C.F.R. §§ 36.401, 36.402 and 36.304(a) speak for themselves. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 14.

15. Jacksonville denies the allegations contained in paragraph 15.

16. Jacksonville admits that 42 U.S.C. §12188 speaks for itself. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 16.

## GENERAL DENIAL

17. Jacksonville denies each and every allegation and prayer of the Complaint not specifically admitted above.

## ATTORNEY'S FEES

18. Jacksonville has retained the law firm of Baker & Hostetler, LLP and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, Jacksonville is entitled to recover its attorney's fees and costs.

## FIRST DEFENSE

19. Plaintiffs do not have standing to bring this action, and therefore, the Complaint should be dismissed.

## SECOND DEFENSE

20. Plaintiffs have demanded modifications that would result in significant loss of sale and/or serving space and, therefore, such modifications are not readily achievable.

## THIRD DEFENSE

21. Plaintiffs have demanded modifications to a facility that are either not readily achievable, structurally impracticable, technically infeasible, or are not required.

## FOURTH DEFENSE

22. Plaintiffs have demanded modifications to a facility that would either create an undue hardship on Jacksonville, or that would threaten the health and safety of Plaintiffs or others.

**FIFTH DEFENSE**

23. Each of Plaintiffs' causes of action, claims, or items of damage did not accrue within the time prescribed by law for them before this action was brought.

**SIXTH DEFENSE**

24. Prior to the institution of this action, Jacksonville had already implemented the removal of any existing barriers pursuant to 28 C.F.R. § 36.304 to the extent the removal of said barriers were readily achievable, therefore, Plaintiffs are not entitled to an injunction or attorney's fees.

**SEVENTH DEFENSE**

25. Plaintiffs have demanded modifications that would require Jacksonville to fundamentally alter the way it provides its goods and services or would result in an undue burden.

**EIGHTH DEFENSE**

26. The Complaint fails to state a cause of action upon which relief may be granted.

**NINTH DEFENSE**

27. To the extent any architectural barriers exists, they are merely technical violations within acceptable conventional building industry tolerances for field conditions and the facilities, when taken as a whole, are compliant with the ADA and its implementing regulations.

**TENTH DEFENSE**

28. To the extent the Complaint seeks relief for any area that is the responsibility of the owner or another, an indispensable party defendant has not been joined in this action because the allegations of the Complaint may show that the purported violations include facilities that are the responsibility of another and it has not been joined in this action.

## ELEVENTH DEFENSE

29. To the extent some or all of the claims or issues relate to property that is owned, operated or leased by another party, Jacksonville is not liable for compliance on property which it does not own, operate or lease.

## TWELFTH DEFENSE

30. To the extent any architectural barriers exists, they have already been remedied and/or removed and the issues are now moot and the facilities are compliant with the ADA and its implementing regulations.

Respectfully submitted,

By: s/ Brian C. Blair
Brian C. Blair
Florida Bar No. 0973084
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Post Office Box 112
Orlando, FL  32802-0112
Telephone:  407.649.4000
Telecopier:  407.841.0168

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 21, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **THOMAS B. BACON** at **tbb@thomasbaconlaw.com**, and **SPENCER M. ROSE** at **smrose@thomasbaconlaw.com**.

s/Brian C. Blair
Brian C. Blair

089191, 000099, 503047466.1