UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**NORMAN HOEWISCHER,**

        **Plaintiff,**

vs.                                    Case No.  3:10-cv-653-J-32JRK

**JACKSONVILLE AVENUES LIMITED
PARTNERSHIP,**

        **Defendant.**
_____/

**NATIONAL ALLIANCE FOR
ACCESSIBILITY,  INC., a Florida
not for profit corporation, and
DENISE PAYNE, Individually,**

        **Plaintiffs,**

vs.                                    CASE NO.; 3:10-cv-682-J-32TEM

**JACKSONVILLE AVENUES LP, a**
Florida limited partnership,

        **Defendant.**
_____/

**DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT**

      Defendant, JACKSONVILLE AVENUES LIMITED PARTNERSHIP ("Jacksonville"), answers and asserts the following defenses to the Complaint of Plaintiff, NORMAN HOEWISCHER, and says:

**JURISDICTION**

      1.    Jacksonville admits this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 12181 *et seq.* and that these statutes speak for themselves. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 1.

**PARTIES**

2. Jacksonville is without knowledge as to the allegations contained in paragraph 2.

3. Jacksonville is without knowledge as to the allegations contained in paragraph 3.

4. Jacksonville denies the allegations contained in paragraph 4.

5. Jacksonville denies the allegations contained in paragraph 5.

6. Jacksonville admits that it is the owner of the facility referenced in the Complaint and that it transacts business in Florida. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 6.

**FACTUAL ALLEGATIONS AND CLAIM**

7. Jacksonville admits that Congress enacted the Americans with Disabilities Act ("ADA") and that the statute speaks for itself. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 7.

8. Jacksonville admits that Congress enacted the ADA and that the statute speaks for itself. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 8, including all subparts.

9. Jacksonville admits that Congress enacted the ADA and that the statute speaks for itself. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 9, including all subparts.

10. Jacksonville admits that 42 U.S.C. § 12181 and 28 C.F.R. § 36.508(a) speak for themselves. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 10.

11. Jacksonville admits that the Facility is a place of public accommodation. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 11.

12. Jacksonville admits that the 42 U.S.C. §§ 12134(a), 12181, *et seq.* and 28 C.F.R. § 36.508(a) speak for themselves. Additionally, Jacksonville also admits the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA and that the regulations speak for themselves. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 12.

13. Jacksonville denies the allegations contained in paragraph 13.

14. Jacksonville denies the allegations contained in paragraph 14.

15. Jacksonville denies the allegations contained in paragraph 15.

16. Jacksonville denies the allegations contained in paragraph 16.

17. Jacksonville denies the allegations contained in paragraph 17, including all subparts.

18. Jacksonville denies the allegations contained in paragraph 18.

19. Jacksonville denies the allegations contained in paragraph 19.

20. Jacksonville admits that 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304 speak for themselves. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 20.

21. Jacksonville denies the allegations contained in paragraph 21.

22. Jacksonville admits that 42 U.S.C. §§12205 and 12117 speak for themselves. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 22.

23. Jacksonville admits that 42 U.S.C. § 12188(a) speaks for itself. Otherwise, Jacksonville denies the remaining allegations contained in paragraph 23.

## GENERAL DENIAL

24. Jacksonville denies each and every allegation and prayer of the Complaint not specifically admitted above.

**ATTORNEY'S FEES**

25.    Jacksonville has retained the law firm of Baker & Hostetler, LLP and has agreed to pay it a reasonable fee for its services.  Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, Jacksonville is entitled to recover its attorney's fees and costs.

**FIRST DEFENSE**

26.    Plaintiff does not have standing to bring this action, and therefore, the Complaint should be dismissed.

**SECOND DEFENSE**

27.    Plaintiff has demanded modifications that would result in significant loss of sale and/or serving space and, therefore, such modifications are not readily achievable.

**THIRD DEFENSE**

28.    Plaintiff has demanded modifications to a facility that are either not readily achievable, structurally impracticable, technically infeasible, or are not required.

**FOURTH DEFENSE**

29.    Plaintiff has demanded modifications to a facility that would either create an undue hardship on Jacksonville, or that would threaten the health and safety of Plaintiff or others.

**FIFTH DEFENSE**

30.    Each of Plaintiff's causes of action, claims, or items of damage did not accrue within the time prescribed by law for them before this action was brought.

**SIXTH DEFENSE**

31.    Prior to the institution of this action, Jacksonville had already implemented the removal of any existing barriers pursuant to 28 C.F.R. § 36.304 to the extent the removal of said

barriers were readily achievable, therefore, Plaintiff is not entitled to an injunction or attorney's fees.

### SEVENTH DEFENSE

32. Plaintiff has demanded modifications that would require Jacksonville to fundamentally alter the way it provides its goods and services or would result in an undue burden.

### EIGHTH DEFENSE

33. The Complaint fails to state a cause of action upon which relief may be granted.

### NINTH DEFENSE

34. To the extent any architectural barriers exists, they are merely technical violations within acceptable conventional building industry tolerances for field conditions and the facilities, when taken as a whole, are compliant with the ADA and its implementing regulations.

### TENTH DEFENSE

35. To the extent the Complaint seeks relief for any area that is the responsibility of the owner or another, an indispensable party defendant has not been joined in this action because the allegations of the Complaint may show that the purported violations include facilities that are the responsibility of another and it has not been joined in this action.

### ELEVENTH DEFENSE

36. To the extent some or all of the claims or issues relate to property that is owned, operated or leased by another party, Jacksonville is not liable for compliance on property which it does not own, operate or lease.

## TWELFTH DEFENSE

37. To the extent any architectural barriers exists, they have already been remedied and/or removed and the issues are now moot and the facilities are compliant with the ADA and its implementing regulations.

Respectfully submitted,

By: s/ Brian C. Blair
Brian C. Blair
Florida Bar No. 0973084
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Post Office Box 112
Orlando, FL  32802-0112
Telephone:  407.649.4000
Telecopier:  407.841.0168

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 21, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **TODD W. SHULBY, ESQ.** at **tshulby@shulbylaw.com**.

s/Brian C. Blair
Brian C. Blair

089191, 000103, 503047496.1